```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TAQUAN ALLEYNE,                                                   :
                                                                  :
                              Plaintiff,                          :    21-CV-9598 (JMF)
                                                                  :
                  -v-                                             :    AMENDED
                                                                  :    MEMORANDUM OPINION
WELLS FARGO BANK, N.A., et al.,                                   :    AND ORDER
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Taquan Alleyne, who was allegedly injured in a construction accident, brought this personal injury lawsuit in New York state court against two defendants: Wells Fargo Bank, N.A. ("Wells Fargo"), the mortgagee in possession of the property where the accident allegedly took place, and All Pro Capital Group, LLC ("All Pro"), the general contractor hired to perform construction work at the property. *See* ECF No. 1-1. On November 19, 2021, All Pro filed a Notice of Removal, invoking this Court's diversity jurisdiction. *See* ECF No. 1. In its Notice, All Pro asserted that it was removing the case to federal court "with the consent of" Wells Fargo, but Wells Fargo did not join All Pro in its Notice of Removal. *Id.* Nor, to date, has Wells Fargo filed written confirmation of its consent to removal.

Alleyne now moves to remand the case back to state court, arguing that All Pro's removal failed to comply with the "rule of unanimity" codified in 28 U.S.C. § 1446(b)(2)(A). *See* ECF No. 14-1 ("Pl.'s Mem."). That Section provides, in relevant part, that a civil action may be removed to federal court only if "all defendants who have been properly joined and served . . .

join in or consent to the removal of the cation." 28 U.S.C. § 1446(b)(2)(A).[1] Applying that Section, the Second Circuit has held that any defendant who does not join a notice of removal "must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). In the wake of *Pietrangelo*, every district court in this Circuit to consider the issue has held that the statute requires "submission by each defendant of 'written consent unambiguously agreeing to removal.'" *Amparo v. City of Yonkers*, No. 21-CV-02672 (PMH), 2021 WL 2313468, at *1 (S.D.N.Y. May 10, 2021) (citing cases); *accord Rivera v. Avilala*, No. 21-CV-8455 (ALC), 2021 WL 5513697, at *1 (S.D.N.Y. Nov. 24, 2021) (citing cases); *Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 175-76 (S.D.N.Y. 2021) (citing cases). That is the case "[e]ven where the removing defendant represents to the Court that the other defendants have consented to removal." *Rivera*, 2021 WL 5513697, at *1.

In light of the foregoing, this case must be remanded. *See, e.g.*, *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324-25 (E.D.N.Y. 1998) (noting that the removing party bears the burden of establishing "the necessary compliance with the statutory removal requirements" and that "[t]here is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures" (internal quotation marks and citations omitted)). Notably, All Pro concedes that Wells Fargo failed to submit written consent within thirty days of the removal, as required by Section 1446(b)(2)(B). *See* ECF No. 17 ("Def.'s Opp'n"), at 4; *see also* ECF No. 10, ¶ 6. Citing decisions of the Fourth, Sixth, Eighth, and Ninth Circuits, however, All Pro argues that the rule of unanimity was satisfied here because Wells Fargo verbally consented to removal through counsel, as All Pro noted in the Notice of Removal. *See* Def.'s

---

[1]   There are three exceptions to the rule of unanimity, *see, e.g.*, *C.Q. v. Est. of Rockefeller*, No. 20-CV-2205 (VSB), 2020 WL 5658702, at *3 (S.D.N.Y. Sept. 23, 2020), but All Pro does not make — and thus has forfeited — any argument that they apply here.

Opp'n 4-5 (citing *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004)). But this non-binding authority flies in the face of the unanimous (pun intended) authority from this Circuit and, thus, the Court declines to follow it. *See, e.g.*, *Gold Town Corp.*, 519 F. Supp. 3d at 175 (declining to follow the same decisions based in part on the language and reasoning of the Second Circuit's decision in *Pietrangelo*). Accordingly, the case must be and is remanded from whence it came.[2]

For the reasons stated above, Alleyne's motion to remand is GRANTED. The Clerk of Court is directed to terminate ECF No. 14; to remand this case to the Supreme Court of New York, Bronx County, for further proceedings; and to close the case on this Court's docket.

SO ORDERED.

Dated: April 11, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] In light of that conclusion, the Court need not and does not reach Alleyne's other arguments for remand (that the removal was untimely and that there are other necessary parties whose presence would defeat diversity). *See* Pl.'s Mem., at 1-2, 5-6.

3